IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NAQUSHIA WILKERSON )
)
v. ) NO. 3:21-00952
)
SOUTHERLAND PLACE )

**TO:** Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered November 21, 2022 (Docket Entry No. 23), this civil action was referred to the Magistrate Judge for pretrial proceedings pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). For the reasons set out below, the undersigned respectfully recommends that this action be dismissed.

### I.  BACKGROUND

Naqushia Wilkerson ("Plaintiff") filed this lawsuit on December 28, 2021, against the Southerland Place ("Defendant"), her former employer. She brings claims of employment discrimination under the Americans with Disabilities Act of 2008 ("ADAAA"), 42 U.S.C. §§ 12101, *et seq*., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*., as amended by the Pregnancy Discrimination Act ("PDA"). After Defendant filed an answer, an initial case management order was entered and the case was set for a jury trial on July 18, 2023. *See* Orders entered March 10, 2022 (Docket Entry Nos. 15 and 16).

Although Plaintiff filed the lawsuit with the benefit of retained counsel, her counsel filed a motion to withdraw on October 19, 2022, asserting that counsel had been unable to contact Plaintiff via cell phone, email, or text message, and that Plaintiff had also not responded to a

certified letter sent to her about her need to provide discovery responses and her need to participate in the case. *See* Docket Entry No. 19. The Court granted the motion to withdraw and gave Plaintiff a November 18, 2022, deadline to either (1) retain new counsel, as evidenced by the entry of an appearance on behalf of Plaintiff, or (2) file a notice of her intention to proceed *pro se*. *See* Order (Docket Entry No. 20). Plaintiff was specifically advised that her failure to comply with the Order could result in a recommendation for the dismissal of the case. *Id.*

The Clerk sent a copy of the Court's order to Plaintiff by certified mail, return receipt requested, at the address that was listed in the motion to withdraw, which is the only address of record for Plaintiff. This mail was returned undelivered with the notations "return to sender," "unclaimed," and "unable to forward." *See* Docket Entry No. 22. The docket reflects that a copy of the referral order that was mailed to Plaintiff was similarly returned undelivered. *See* Docket Entry No. 24.

## II. ANALYSIS

Rule 16(f)(1) provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order ." One of the sanctions are set forth in Rule 37(b)(2) includes the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). It is also well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts

of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The circumstances of this case warrant dismissal. As indicated by the return of mail that the Court has attempted to send to Plaintiff, she is either non-responsive or she has not provided the Court with a current mailing address. As a result, the Court cannot communicate with Plaintiff and she is unaware of the Court's orders or the progression of the case. Further, her lack of communication with her former counsel was the basis that led to counsel being permitted to withdraw. The case cannot proceed with an absent plaintiff.

Dismissal of the case with prejudice is appropriate considering the impasse in further proceedings caused by Plaintiff's failure to prosecute, her failure to engage in discovery, her apparent disinterest in the action, and the fact that her current whereabouts are unknown or (or perhaps and) she refuses to accept mail from the Court. Neither the Court nor Defendant should be required to devote any further resources given Plaintiff's apparent disinterest in continuing to litigate this case. Defendant will be prejudiced in this action by a sanction lesser than dismissal on the merits given that it has already expanded resources to defend the case on the merits. Although the Court recognizes Plaintiff's status as a *pro se* litigant affords her with some measure of leeway, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties, such as complying with her discovery and other case management obligations, which she did not do while represented by counsel, and keeping the Court informed of a good mailing address and remaining involved in the case after the withdrawal of counsel.

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully RECOMMENDED that this case be DISMISSED WITH PREJUDICE under Rules 16(f) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Responses to any objections must be filed within fourteen (14) days of service of the objections. See Fed. R. Civ. P. 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge